No. 14,707.

GALLUP *v*. PRING, ASSIGNEE, ET AL.

(116 P. [2d] 202)

Decided June 23, 1941.   Rehearing denied August 11, 1941.

Mr. BENJAMIN C. HILLIARD, JR., Mr. GEORGE A. TROUT, Mr. BART W. O'HARA, for plaintiff in error.

Mr. A. B. MANNING, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error, intervener below and to whom we hereinafter refer as Gallup, sought to enjoin defendant

in error Pring from recovering the sum of $1,350, which he was ordered to pay into the registry of the trial court pending the final determination of the question of Pring's right of set-off of judgments hereinafter mentioned; the $1,350 representing the proceeds from the sale of certain goods covered by a chattel mortgage given to Pring by defendant in error Bjorn Placer Mining Syndicate, a corporation, hereinafter designated as the company. After due consideration the trial court found issues joined for Pring, and to reverse the judgment entered upon its findings, Gallup brings the case here for review by writ of error.

The facts are rather complicated, but no material ones are disputed. The company, which had been operating in Eagle county for some time, apparently found itself in financial straits, and on February 10, 1932, acting through its president and secretary, it borrowed the sum of $4,000 from Pring, giving its note for $5,000 secured by a chattel mortgage on certain machinery and equipment. Pring later assigned the note and mortgage to one Elder who, on May 8, 1935, foreclosed the chattel mortgage for Pring and sold the machinery and equipment. The sum of $1,100 obtained from the sale thereon was credited on the $5,000 note, leaving a balance due thereon of $3,900. Elder then brought suit to collect this balance and obtained judgment in the sum of $5,772, which judgment he later assigned to Pring. Gallup, a stockholder in the company, meanwhile instituted a suit against Pring for conversion, under the statute (paragraph (e), §27, c. 41, '35 C.S.A.) which prohibits encumbering of "the principal machinery incident" to production from a mine or plant of a corporation until the matter shall have been submitted to and approved by the stockholders. Judgment was for Gallup. The court while specifically exonerating Pring from any moral turpitude, ordered him to deposit the $1,100 that he had realized from the chattel mortgage foreclosure sale, plus interest and costs, amounting in all to $1,350, in the

registry of said court. Gallup then, on behalf of himself and other stockholders, was given leave to, and did, intervene in the other case in which Elder had obtained judgment, and procured the vacation of the judgment for $5,772, principally on the ground that there had been collusion between Pring and Elder. Upon the vacation of the judgment, Gallup, as intervener, filed his answer relying on said statute, and the conversion action, alleging that the note and chattel mortgage were void.

Pring admitted the transactions, but insisted they all were made in good faith and on advice of counsel, and all parties admit that the company received the beneficial use of the $4,000. The matter as submitted to the court then was one in which the company had a judgment against Pring for $1,350 (admittedly its only remaining asset) which sum he had deposited in court. Pring had a judgment of $5,772 against the company and had asked leave to have the judgment of $1,350 against him set off against that judgment, and that the money deposited in court be returned to him. A jury being waived, the trial court reinstated the judgment against the company—which action is not questioned—and allowed the set-off in Pring's favor.

It is the contention of Gallup that this action of the trial court permits Pring to do by indirection that which he could not do directly, in view of specific provisions of the statute, or, as the question is posed in the brief, "Can Pring take advantage of his own wrong?" Four of the six assignments of error are directed to this question. The two remaining assignments, predicated on estoppel of the corporation and the stockholders are not argued.

■ The question as presented assumes that Pring was in fact guilty of a wrong. The wrong doing, if any there was, was the result of the action of the officers of the company. Both courts below found Pring innocent of any wrong doing, although the court in the conversion case held there had been a technical conversion.

Counsel for Gallup specifically admitted Pring's good faith, and further admitted that the money "belongs to the corporation," apparently as distinguished from the stockholders. It has been held that a corporation will not be permitted to dispute the validity of a mortgage otherwise valid under this provision. *Firestone Coal Co. v. McKissick,* 24 Colo. App. 294, 134 Pac. 147.

On the principal issue presented herein, the general principles of law announced in *Dillon v. Myers,* 58 Colo. 492, 146 Pac. 268, and *Mackenzie v. Taggart,* 101 Colo. 357, 73 P. (2d) 978, are applicable, but not necessarily controlling, because the action in the Dillon case was that of a creditor, and in the Mackenzie case the rule of ratification was applied against the stockholder who sought to cancel the encumbrance.

One of the principles announced in the above cases, and those therein cited, is that the stockholders of a corporation, and they alone, have the right to avoid a mortgage under the statute, but this principle is qualified by another rule, that the right to urge the illegality may be waived, and the contract of the corporation not being inherently wrong is subject to ratification—Mackenzie case, supra—and estoppel. As already noted, one of the assignments of error is directed to the court's holding that Gallup is estopped to urge the illegality of the mortgage, and while the failure to argue the question does not necessarily confess its inapplicability, a proper inference might well be that the estoppel was effective. In our review of the authorities, we find no case on estoppel in point where a statute, such as ours, is involved, but that estoppel is available, we think is not open to serious doubt. The rule as stated in 13 American Jurisprudence, page 791, section 761, is, in part, as follows: "A stockholder is estopped from attacking, as unauthorized and ultra vires, a corporate act to which he has consented or in the doing of which he has acquiesced an unreasonable length of time." In the annotation under this section, 9 L.R.A. (N.S.) 606, are

cited a number of cases on the question as to the reasonableness of the length of time, among which are cases which hold that delays of four, five or six years are unreasonable, and the stockholders therein were not allowed to urge their right. See, also, *McCampbell v. Fountain Head Railroad Co.*, 111 Tenn. 55, 77 S.W. 1070, 102 Am. St. Rep. 731.

In the case at bar the chattel mortgage was given February 10, 1932, and Gallup did not file his suit until March 10, 1938. He states he is a majority stockholder. As such it must be assumed he had more than an ordinary interest in the affairs of the company, and when it is admitted that he and his associates had the beneficial use of the $4,000 we are of the opinion that under the circumstances estoppel lies. It appears that the statute of limitations has been adopted as the criterion in determining the passing of an unreasonable length of time under this statute (*Westerlund v. Black Bear Min. Co.*, 203 Fed. 599, 619); although in *Elder v. Western Min. Co.*, 237 Fed. 966, 976, it was held, because of the unusual circumstances, that the action was not barred by laches, although the time involved was longer than that fixed by the limitation statute.

Judgment affirmed.

MR. JUSTICE YOUNG, MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.